1 | **DEBRA A. DiIORIO**
DiIorio & Hall, APC.
2 | California Bar No. 138018
964 Fifth Avenue, Suite 214
3 | San Diego, California 92101
Telephone: (619) 544-1451
4 | Facsimile: (619) 544-1473

5 | Attorneys for Defendant **Valdez Barrelleza**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| UNITED STATES OF AMERICA, | ) | Criminal No. 08-CR-1891-S |
|---|---|---|
| Plaintiff, | ) | Date: September 4, 2007 |
| | ) | Time: 2:00 p.m. |
| v. | ) | |
| | ) | **DEFENDANT'S NOTICE OF** |
| **JESUS VALDEZ BARRELLEZA,** | ) | **MOTIONS AND MOTIONS TO:** |
| Defendant | ) | **1) COMPEL DISCOVERY; AND** |
| | ) | **2) GRANT LEAVE TO FILE FURTHER** |
| | ) | **MOTIONS** |

TO: KAREN HEWITT, UNITED STATES ATTORNEY, and
DALE BLANKENSHIP, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Friday, July 11, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard, the defendant, Jesus Valdez Barrelleza, by and through his counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, will move this Court to 1) compel discovery; and 2) grant leave to file further motions.

//
//
//
//
//
//
//

**MOTIONS**

The defendant, Jesus Valdez Barrelleza, by and through his counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, pursuant to Fed. R. Crim. P. 12, 14, 16 and 26.2; Title 18, United States Code Sections 3500-01 and 3504, and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court to 1) compel discovery; 2) and grant leave to file further motions.

These motions are based upon the instant motions, the notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated: July 10, 2008

*/s/Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Valdez Barrelleza**

2

**DEBRA A. DiIORIO**
DiIorio & Hall, APC.
California Bar No. 138018
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1451
Facsimile: (619) 544-1473

Attorneys for Defendant **Valdez Barrelleza**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08-CR-1891-S |
| Plaintiff, ) | Date: July 11, 2008 |
| ) | Time: 11:00 a.m. |
| v. ) | |
| ) | **STATEMENT OF FACTS AND** |
| **JESUS VALDEZ BARRELLEZA,** ) | **MEMORANDUM OF POINTS AND** |
| ) | **AUTHORITIES IN SUPPORT OF** |
| Defendant, ) | **DEFENDANT'S MOTIONS** |
| ) | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government in discovery. The government has produced 46 pages of discovery and one DVD. The facts alleged in these motions, therefore, are subject to amplification and/or modification at a future motion hearing; Mr. Valdez Barrelleza reserves the right to take a contrary position at any future hearing as these facts are in no way intended by him as admissions.

On May 12, 2008, the Remote Video Surveillance System Operator observed a group of nine people as they crossed the border east of the Calexico, California Port of Entry. The group was observed hiding in some brush about a mile north of the border. A border patrol agent searching the area in response, encountered the group and began questioning each of them. Mr. Valdez admitted that he was a citizen of Mexico illegally in the United States. During subsequent records checks at the Calexico Border Patrol Station, Mr. Valdez was found to have been previously removed on March 12, 2008.

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Valdez Barrelleza requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1) all written and oral statements made by him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Valdez Barrelleza is contained. It also includes the substance of any oral statements, regardless of whether the government intends to introduce such statements at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Valdez Barrelleza also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all documents, statements, agents' reports, and tangible evidence favorable to Mr. Torres on the issue of **guilt or punishment** and/or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(3) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Valdez Barrelleza specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to introduce at trial under this rule;

(4) all evidence seized as a result of any search, either warrantless or with a warrant, in this case. Mr. Valdez Barrelleza specifically requests copies of all documents and evidence seized from him, and requests copies of all documents, evidence and physical items seized from the vehicle, as well as photographs, fingerprints, videotapes or recordings made in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

1     (5) all arrest reports, investigator's notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Mr. Valdez Barrelleza. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

    (6) the personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of discretion and authority and/or false arrest. Pitchess v. Superior Court, 11 Cal. 3d. 531, 539 (1974). In addition, the defense requests that the government examine the personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in advance of trial Kyles v. Whitley, 115 S.Ct. 1555 (1955); United States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991). If the prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should be submitted to the Court, in camera. Id. The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files. Id.

    (7) Mr. Valdez Barrelleza requests copies of any and all audio/video tape recordings made by the agents in this case and any and all transcripts, including taped recordings of any conversations of any of the agents involved in this case. This evidence is available under Fed. R. Crim. P. 16(a)(1)(C);

    (8) Mr. Valdez Barrelleza requests the name and last known business address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

    (9) all other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places or copies of portions thereof which are material to Mr. Valdez Barrelleza' defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Valdez Barrelleza. Rule 16(a)(1)(C);

    (10) all results or reports of scientific tests or experiments, or copies of which are within the possession, control, or custody of the government or which are known or become known to the attorney for the government, that are material to the preparation of the defense, including the

3

1 opinions, analysis and conclusions of experts consulted by law enforcement including finger
2 print specialists in the instant case. These must be disclosed, once a request is made, even
3 though obtained by the government later, pursuant to Fed.R.Crim.Pro. 16(a)(1)(D).

4       (11) any express or implicit promise, understanding, offer of immunity, of past, present,
5 or future compensation, agreement to execute a voluntary return rather than deportation or any
6 other kind of agreement or understanding between any prospective government witness and the
7 government (federal, state and local), including any implicit understanding relating to criminal
8 or civil income tax liability. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United
9 States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158
10 (1st Cir. 1987);

11       (12) any discussion with a potential witness about or advice concerning any contemplated
12 prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
13 followed. Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness
14 sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d
15 1520, 1524 (11th Cir. 1985);

16       (13) any evidence that any prospective government witness has engaged in any criminal
17 act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and
18 Brady;

19       (14) any evidence that any prospective witness is under investigation by federal, state or
20 local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert.
21 denied, 474 U.S. 945 (1985); and,

22       (15) any evidence, including any medical or psychiatric report or evaluation, tending to
23 show that any prospective witness's ability to perceive, remember, communicate, or tell the truth
24 is impaired; and any evidence that a witness has ever used narcotics or other controlled
25 substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July
26 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

27       (16) the name and last known business address of every witness to the crime or crimes
28

charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir. 1984);

(17)  the name and last known business address of each prospective government witness. <u>See United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

(18)  the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1975);

(19)  Mr. Valdez Barrelleza requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify <u>at the motion hearing</u> or at trial.  This evidence is discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

(20) <u>Jencks Act Material</u>.  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.  The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

//
//
//

### III.

### JESUS VALDEZ BARRELLEZA REQUESTS THAT THE COURT GRANT LEAVE TO FILE FURTHER MOTIONS

Mr. Valdez Barrelleza requests this Court to grant him leave to file further motions after complete discovery has been provided. The parties are actively engaged in plea negotations.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Valdez Barrelleza requests that this Court grant the motions stated herein.

Respectfully submitted,

Dated: July 10, 2008

*/s/ Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Valdez Barrelleza**

|    |                                                           |
|----|-----------------------------------------------------------|
| 1  | UNITED STATES DISTRICT COURT                              |
| 2  | SOUTHERN DISTRICT OF CALIFORNIA                           |
| 3  | **(HONORABLE JANIS L. SAMARTINO)**                        |

| | | |
|---|---|---|
| 4 | UNITED STATES OF AMERICA, ) | Criminal No. **08-CR-1891-S** |
| 5 | Plaintiff, ) | |
| 6 | v. ) | |
| 7 | **JESUS VALDEZ BARRELLEZA,** ) | |
| 8 | Defendant, ) | PROOF OF SERVICE |
| 9 | ) | |

I, the undersigned, say:

 1. I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party to the within action;

 2. My business address is 964 Fifth Ave., Suite 214, San Diego, California 92101;

 3. I served the within **MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS** on opposing counsel by e-filing through the CM/ECF system;

 I certify under penalty of perjury that the foregoing is true and correct. Executed on July 10, 2008, at San Diego, California.


                              */s/ Debra A. DiIorio*
                              Debra A. DiIorio